## NATIONAL LABOR RELATIONS BOARD
### v. MONTAG BROS., Inc.
### No. 10813.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1944.

Robert B. Watts, General Counsel, National Labor Relations Board, and Howard Lichtenstein, Asst. Gen. Counsel, N. L. R. B., both of Washington, D. C., and Dan M. Byrd, Jr., Atty., N. L. R. B., of Atlanta, Ga., for petitioner.

Barry Wright, of Rome, Ga., and Madison Richardson, of Atlanta, Ga., for respondent.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

National Labor Relations Board petitions for enforcement of its order issued against Montag Brothers, Inc., pursuant to Section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

Montag Brothers is a Delaware corporation doing business in the State of Georgia. It has its principal place of business in Atlanta, where it is engaged in the manufacture, sale and distribution of social stationery, school tablets, and allied items.

It is without dispute that the Corporation was engaged in interstate commerce, and no question is raised as to jurisdiction.

The important facts are these: United Wholesale, Retail and Warehouse Employees of America, affiliated with the C. I. O. attempted to organize Corporation's employees into a union in April, 1941. On November 7, 1941, an election was held under Board auspices to determine whether or not the employees wanted to be represented by this union. They voted against such representation and thereafter no attempt was made to further organize this union.

An attempt was made to organize the employees of the printing department early in November, 1942, under the American Federation of Labor; this union filed a petition with the Board for investigation and certification of representatives. The unit sought to be organized numbered about twenty-two employees of the printing department. Notice was issued for a hearing on November 10, 1942. On November 9, the pressmen struck without previous warning and picketed the plant. The parties agree that this strike was not authorized by appropriate union authority and did not result from any unfair labor practices on the part of the Corporation. It involved twenty-two of the three hundred fifty employees of Corporation in Atlanta. Picketing continued until about December 23, 1942.

On November 9, 1942, when approximately twenty-four employees of the Corporation appeared for work they found a picket line and refused to enter the plant, and so did not work on that day. Two of that number, McCain and Kuykendall, did not cross the picket line or enter the plant, but remained in the vicinity of the plant on the 9th and 10th of November. These two women had been leaders in the attempted organization of the union in the spring of 1941. They were not interested in the strike directly, but one had a relative who was interested, and after consultation and inquiry they called up an officer of the Corporation and asked to be allowed to return to their positions. A number of the employees who had remained away from work altogether, but who were not employed in the press department, including these two women, were instructed to report at the office on the morning of November 11, 1942. They were each in-

terviewed by one Shulhafer in the presence of two other officers of the Corporation. All of the employees interviewed except McCain and Kuykendall were permitted to return to their positions. Shulhafer asked McCain and Kuykendall why they did not come to work and they gave their reasons, one being that she was afraid to cross the line because she heard that a woman had been whipped in such attempt, and the other had a father-in-law interested, and she did not desire to interfere. Shulhafer asked them if they believed in unions and they each replied that they did, but were not interested in this strike personally; McCain and Kuykendall testified that Shulhafer told them, "Well, its like this, if we let you go upstairs there is going to be several of the girls come down, they have refused to work with you." McCain and Kuykendall inquired of Shulhafer and Smollin, two officers of the Corporation, who it was that refused to work with them and for what reason. Neither gave them any information. These two women had been employees of the Corporation for a period of from six to nine years and no complaint had ever been filed against them. A stenographer at the time of the interview was taking down what was said and at its close, Kuykendall said, "I am fired, am I not?" to which Shulhafer replied, "Not exactly that." They were each thereupon given payment in full and each removed her personal belongings from the place where they worked. On November 12, 1942, after their employment had been definitely terminated, the two women went down to the plant to secure certain articles they had left in the workroom, and they testified that Harold Montag, the president of the Corporation, said to them, "Ella, Lorene, I want you two to know I am sorry this has all happened, for you to know that you are two of the best workers I have in the entire plant. * * * I'll have to put two—I mean three or four girls to fill your places." They testified further that Montag "said he couldn't understand why we came out on strike since we were making as much money as the majority of his men in the plant, he said, since it was only the printers trying to organize." On this occasion Montag further said that the majority of his employees showed him the year before they didn't want a union and that if it kept flaring up he was going to have to close the front door. He further stated he was not against unions. The testimony of both McCain and Kuykendall was substantially the same; these two employees were called up on January 1, 1943, and re-employed by Corporation and went to work on January 4, 1943, and are both employed at the present time.

On the 16th day of July, 1943, the Board issued its order to Corporation to cease and desist from discouraging membership in United Wholesale, Retail and Warehouse Employees of America, C. I. O., or any other labor organization of its employees, or in any other manner discriminating in regard to hire or tenure of the employment of its employees; and in any other manner interfering with, restraining, or coercing its employees in the exercise of their right of self-organization to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing. Further, the Board ordered Corporation to make whole Lorene McCain and Ella Kuykendall for any loss of pay they may have suffered by reason of the Corporation's discrimination against them, by payment to each of them such sum of money as will be equal to the amount which each normally would have earned as wages during the period from November 11, 1942, the date of Corporation's refusal to reinstate them, and their re-employment on January 4, 1943, less their net earnings during that period; and to post notices, etc.

A careful consideration of all the evidence leads to the conclusion, and we so find, that there was substantial evidence to warrant the Board in its findings and conclusions. N. L. R. B. v. Express Pub. Co. 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930; N. L. R. B. v. Entwistle Mfg. Co., 4 Cir., 120 F.2d 532; Owens-Illinois Glass Co. v. N. L. R. B., 6 Cir., 123 F.2d 670; N. L. R. B. v. Abbott Worsted Mills, 1 Cir., 127 F. 2d 438.

The Board's petition for enforcement is granted.